IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LARRY DEVON JONES,<br><br>Defendant. | Case No. 1:20-cr-<br><br>**PLEA AGREEMENT** |

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America, by its attorneys, Drew H. Wrigley, United States Attorney for the District of North Dakota, and Jeremy A. Ensrud, Special Assistant United States Attorney; defendant, LARRY DEVON JONES; and defendant's counsel, Ashley Flagstad, agree to the following:

1. Defendant acknowledges the Information charges a violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

2. Defendant has read the charge and defendant's attorney has fully explained the charge to defendant.

3. Defendant fully understands the nature and elements of the charged crime.

4. Defendant will voluntarily plead guilty to the Information.

5. The parties agree this Plea Agreement shall be filed as part of the Court record and be governed by Federal Rule of Criminal Procedure 11(c). The parties specifically agree that Rule 11(c)(1)(C) does not apply. If the United States makes the non-binding recommendations specified in this Plea Agreement, then defendant acknowledges that this agreement will have been fulfilled. Except as provided in

Rule 11(c)(5), the Court's refusal to accept any or all terms of the Plea Agreement does not give defendant a right to withdraw defendant's guilty plea.

6. Defendant will plead guilty because defendant is in fact guilty of the charge. In pleading guilty to the Information, defendant acknowledges that:

On December 5, 2019, Larry Devon Jones, possessed approximately 50 grams of fentanyl on his person. 50 grams is an amount of fentanyl that is not consistent with personal use and the fentanyl was intended to be distributed. Jones had recently traveled from Michigan to Minot, ND via Amtrak.

7. Defendant understands the charge carries the following maximum penalties:

### Count One

| | |
|---|---|
| Imprisonment: | 20 years |
| Fine: | $1,000,000 |
| Supervised Release: | 3 years (3 years minimum) |
| Special Assessment: | $100 |

Defendant agrees to pay the Clerk of United States District Court the special assessment on or before the day of sentencing.

8. Defendant understands that by pleading guilty defendant surrenders rights, including:

(a) The right to a speedy public jury trial and related rights as follow:

(i) A jury would be composed of twelve (12) lay persons selected at random. Defendant and defendant's attorney would help choose the jurors by removing prospective jurors "for cause," where actual bias or other disqualification is shown; or by removing jurors without cause by exercising so-called peremptory challenges. The jury would have to agree

2

unanimously before it could return a verdict. The jury would be instructed that defendant is presumed innocent and that it could not return a guilty verdict unless it found defendant guilty beyond a reasonable doubt.

(ii) If a trial were held without a jury, then the Judge would find the facts and determine whether defendant was guilty beyond a reasonable doubt.

(iii) At a trial, whether by a jury or Judge, the United States is required to present witness testimony and other evidence against defendant. Defendant's attorney can confront and examine them. In turn, the defense can present witness testimony and other evidence. If witnesses for defendant refuse to appear voluntarily, defendant can require their attendance through the subpoena power of the Court.

(iv) At trial, defendant has a privilege against self-incrimination; thus, defendant can decline to testify. No inference of guilt can be drawn from defendant's refusal to testify. Defendant can choose to testify, but cannot be required to testify.

(b) Defendant has a right to remain silent. However, under terms of the Plea Agreement, the Judge will likely ask defendant questions about defendant's criminal conduct to ensure that there is a factual basis for defendant's plea.

9. Defendant understands that by pleading guilty defendant is giving up all of the rights set forth in the prior paragraph, and there will be no trial. Defendant's attorney has explained those rights, and consequences of defendant's waiver.

10. The Court shall impose a sentence sufficient to comply with purposes set forth in the Sentencing Reform Act. In doing so, the Court shall consider factors set forth in 18 U.S.C. § 3553(a), and must consult and take into account the United States' Sentencing Commission, <u>Guidelines Manual</u>, (Nov. 2016) (USSG). Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation and Pretrial Services Office of the nature, scope, and extent of defendant's conduct, including all matters in aggravation and mitigation relevant to the issue of sentencing. The United States expressly reserves the right to appeal from an unreasonable sentence.

11. This Plea Agreement is binding only upon the United States Attorney for the District of North Dakota. It does not bind any United States Attorney outside the District of North Dakota, nor does it bind any state or local prosecutor. They remain free to prosecute defendant for any offenses under their jurisdiction. This Plea Agreement also does not bar or compromise any civil or administrative claim.

12. Defendant understands the United States Attorney reserves the right to notify any local, state, or federal agency by whom defendant is licensed, or with whom defendant does business, of defendant's conviction.

13. The parties agree that the base offense level under the Sentencing Guidelines for defendant's conduct is 24. (USSG § 2D1.1(c)(8)).

14. The parties agree that the following upward adjustments are applicable in this case:

- None

15. The parties agree that the following downward adjustments are applicable in this case:

- Acceptance of Responsibility, -3. (USSG § 3E1.1).

16. At sentencing, United States agrees to recommend a 2-level downward adjustment for acceptance of responsibility, provided defendant has demonstrated a genuine acceptance of responsibility. (USSG § 3E1.1(a)). The United States further agrees to move for an additional 1-level downward adjustment for timely notifying the United States of defendant's intention to enter a guilty plea, thus permitting the Court and the United States to allocate their resources efficiently. (USSG § 3E1.1(b)).

17. Neither the Court nor the Probation Office is a party to the Plea Agreement. Neither the Court nor the Probation Office is bound by the Plea Agreement as to determining the Sentencing Guideline range. The Court may depart from the applicable guidelines range if the Court, on the record, states factors not contemplated by the Sentencing Guidelines' Commission to justify the departure. Both parties reserve the right to object to any departure. See USSG § 1B1.1, comment. (n.1) (defines "departure"). There may be other adjustments the parties have not agreed upon.

18. At sentencing, the United States will:

(a) Recommend a sentence at the low end of the applicable Guideline range calculated by the Court at the sentencing hearing;

(b) Recommend that defendant be ordered to serve a 3 year term of supervised release; and

      (c)    Recommend the defendant be ordered to pay the applicable special assessment.

19. The Defendant may recommend any sentence, including any departure or variance from the Sentencing Guideline range, that defendant believes is appropriate, provided Defendant notifies the United States of Defendant's intent to do so within the time frame for filing a sentencing memorandum pursuant to local court rule 32.1(B) (5 business days prior to sentencing hearing).

20. Defendant acknowledges and understands that if defendant violates any term of this Plea Agreement, engages in any further criminal activity, or fails to appear for sentencing, the United States will be released from its commitments. In that event, this Plea Agreement shall become null and void at the discretion of the United States, and defendant will face the following consequences: (1) all testimony and other information defendant has provided at any time to attorneys, employees, or law enforcement officers of the government, to the Court, or to the Federal Grand Jury, may be used against defendant in any prosecution or proceeding; and (2) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against defendant and to use any information obtained directly or indirectly from defendant in those additional prosecutions. Nothing in this agreement prevents the United States from prosecuting defendant for perjury, false statement(s), or false declaration(s), if defendant commits such acts in connection with this agreement or otherwise.

21. Defendant acknowledges the provisions of Title 18, United States Code, Sections 2259 and 3663A, which require the Court to order restitution. Defendant agrees

to pay restitution as may be ordered by the Court. Defendant acknowledges and agrees that the Court will order defendant to make restitution for all loss caused by defendant's conduct, regardless of whether counts of the Indictment will be dismissed as part of this Plea Agreement. Defendant further agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks the Court finds reasonable and appropriate for the prompt payment of any restitution or fine ordered by the Court.

22. The United States will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. Defendant and defendant's attorney acknowledge that no threats, promises, or representations exist beyond the terms of this Plea Agreement.

23. **Defendant's Waiver of Appeal.** Defendants have a right to appeal their conviction and sentence (Judgment), unless they agree otherwise. Appeals are taken to the United States Court of Appeals for the Eighth Circuit (appellate court), pursuant to Title 18, United States Code, Section 3742(a). The appellate court has ruled that defendants can waive (give up) their right to appeal. Defendants often waive their right to appeal as part of a plea agreement and in exchange for concessions by the United States. The appellate court will enforce such waivers.

Defendant and defendant's attorney acknowledge they have fully reviewed and fully discussed the record in this case and all issues that may be raised on appeal. They have fully discussed defendant's right of appeal and the consequences of waiver. Defendant has decided to waive any right of appeal, except as may be provided herein.

By signing this Plea Agreement, defendant voluntarily waives defendant's right to appeal the Court's Judgment against defendant; and, absent a claim of ineffective assistance of counsel, defendant waives all rights to contest the Judgment in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255. Defendant reserves only the right to appeal from a sentence that is greater than the upper limit of the Court-determined Sentencing Guidelines range.

Defendant understands that the United States was motivated by defendant's willingness to waive any right of appeal when the United States chose to offer defendant terms of a plea agreement. In other words, the United States was willing to offer certain terms favorable to defendant in exchange for finality. Defendant understands and agrees this case will be over once defendant has been sentenced by the Court. Defendant agrees that it will be a breach of this agreement if defendant appeals in violation of this agreement. The United States will rely upon defendant's waiver and breach as a basis for dismissal of the appeal. Moreover, defense counsel may reasonably conclude and inform the appellate court that an appeal is wholly frivolous. Defense counsel may then move to withdraw, citing Anders v. California, 386 U.S. 738, 744 (1967), and Smith v. Robbins, 528 U.S. 259 (2000). Defendant agrees an appeal in violation of this agreement should be dismissed.

By signing this Plea Agreement, the defendant further specifically waives defendant's right to seek to withdraw defendant's plea of guilty, pursuant to Federal Rules of Criminal Procedure 11(d), once the plea has been entered in accordance with this agreement. The appellate court will enforce such waivers. The defendant agrees that

any attempt to withdraw defendant's plea will be denied and any appeal of such denial should be dismissed.

24.     The Assistant United States Attorney and attorney for defendant agree to abide by the provisions of Rule 32(f) of the Federal Rules of Criminal Procedure. The attorneys acknowledge their obligation to use good-faith efforts to resolve any disputes regarding the Presentence Investigation Report (PSIR) through a presentence conference or other informal procedures.

25.     Defendant acknowledges reading and understanding all provisions of the Plea Agreement. Defendant and defendant's attorney have discussed the case and reviewed the Plea Agreement. They have discussed defendant's constitutional and other rights, including, but not limited to, defendant's plea-statement rights under Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure.
AGREED:

DREW H. WRIGLEY
United States Attorney

Dated: 4/27/20

By: JEREMY A. ENSRUD
Special Assistant United States Attorney

Dated: 04/7/2020

LARRY DEVON JONES
Defendant

Dated: 4/13/2020

ASHLEY FLAGSTAD
Attorney for Defendant

10