Defendant's Sentencing Memorandum

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S SENTENCING** |
| vs. | ) | **MEMORANDUM** |
| | ) | |
| Larry Jones, | ) | Case Number 1:20-cr-66 |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

[¶1]    Larry Jones ("Larry") was named in a single count information, filed on April 20, 2020.  More specifically, he was charged with "Possession with Intent to Distribute a Controlled Substance – Fentanyl (Count 1).  Larry pled guilty via a plea agreement and supplement and a Change of Plea hearing took place on June 8, 2020.

[¶2]    Larry was originally arrested on December 5, 2019 for the aforementioned charge and held in Ward County Jail.  The U.S. Marshals took custody of him on May 21, 2020.  He was ordered detained pending trial.  His sentencing hearing is currently set for September 8, 2020.  He has been held in custody for 278 days (9 months & 3 days) as of the date of his Sentencing Hearing.  The Presentence Report was completed by Noel Lehmkuhl-King.  Ms. Lehmkuhl-King determined the sentencing guideline range for Larry is a total offense level of 21 and a criminal history category of I (one criminal history point) with a sentence guidelines range of 37 months to 46 months.

Page 1 of 7

## DEFENDANT'S REQUESTED SENTENCE

[¶3]    Larry's is requesting a sentence of 19 months, with credit for time served, and supervised release of three years.  As outlined during Larry's Change of Plea Hearing, Larry pled guilty pre-indictment.  Attorney Ensrud informed the Court that the US Attorney's Office routinely requests the Court give a reduced sentence of 12 months based upon Larry's pre-indictment acceptance of his plea agreement.  As such, Defense request the Court take into consideration the lower-end of the Sentencing Guideline Table of 37 months – 12 months (AUSA request) – 6 months (Larry's credit for time served in Ward County Jail) = 19 months.

## MEMORANDUM

[¶4]    The Sentencing Guidelines are no longer mandatory following United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).  "…Booker provides district courts the flexibility to tailor individual sentences for each defendant against the framework of the congressionally-approved Guidelines scheme." United States v. Spears, 469 F.3d 1166, 1176 (8th Cir. 2006)(citing Booker, 543 U.S. at 264-65). "…[T]he Guidelines are now advisory, and appellate review of sentencing decisions is limited to determining whether they are 'reasonable.'" Gall v. United States, 552 U.S. 38, 46, 128 S. Ct. 586 (2007).  A sentence outside the Guidelines does not require extraordinary circumstances or the use of a rigid mathematical formula. Id. at 552 U.S. 47.

[¶5]    "[A]fter giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should… consider all of the [18 U.S.C.] §3553(a) factors to determine whether they support the sentence requested by a party." Id. at 552 U.S. 49-50.  "In so doing, he may not presume that the Guidelines range is reasonable"

Page 2 of 7

Defendant's Sentencing Memorandum

and "…must make an individualized assessment based on the facts presented." Id.

"Under 18 U.S.C. §3553(a), a sentencing court 'shall impose a sentence sufficient, but not greater than necessary' to comply with sentencing goals, considering the nature and seriousness of the offense, the history and characteristics of the defendant, and the need for the sentence to provide justice, deterrence, and other goals of punishment." United States v. Pappas, 452 F.3d 767, 773 (8th Cir. 2006)(quoting United States v. Haack, 403 F.3d 997, 1004 (8th Cir. 2005)).

[¶6]    When Larry is evaluated using the factors set forth in 18 U.S.C §3553(a), it becomes clear that Larry requires a sentence that will provide the best opportunities for reintegration into society, rather than simple incarceration.

**The nature and circumstances of the offense and the history and characteristics of the defendant**

[¶7]    Larry is remorseful and takes full responsibility for his actions.  He justified his behavior of possession of a controlled substance with the intent to deliver as an opportunity to make money.  As outlined in numerous character letters, Larry's grandmother raised him.  When she passed away, Larry lost his direction in life and started experimenting with controlled substances to cope with her death.  It does not excuse his actions, but the Court can take the reason for this relationship and drug addiction into consideration when determining the appropriate sentence.

**Reflect Seriousness of the Offense, to promote respect for the law, and to provide just punishment for the offense**

Pringle & Herigstad P.C.
PO Box 1000
Minot, ND 58702
(701)852-0381

Defendant's Sentencing Memorandum

[¶8]   Larry pled to a serious offense. He knows he made a mistake and must be punished. The requested sentence is a hefty punishment and will promote respect for the law and the state of North Dakota. Prior to the instant offense, Larry had never sat behind bars and had his freedom deprived. The requested sentence will provide just punishment for the offense.

## Afford Adequate Deterrence to Criminal Conduct and protect the Public from Defendant's further crimes

[¶9]   Here, the Court must consider the needs for general and specific deterrence. As it pertains to general deterrence, the studies show, and experience shows that general deterrence does not work. If this was the case, there would be no more drug delivery crimes given the potential mandatory prison sentences a person can be sentenced to in Federal Court. Anyone in the criminal justice system will attest, drugs continue to be used and continue to be sold at an alarming rate. It is society's hope that general deterrence will be accomplished as Larry will be punished for breaking the law. He will be sentenced to serve a lengthy sentence. Specific deterrence has largely been achieved through cutting ties with negative influences and positive social support. Furthermore, Larry will be placed on supervised released to assist him reintegrate back into society and hold him accountable for his future behavior. Larry is severely remorseful for his actions. Therefore, the requested sentence is appropriate.

[¶10]   Larry urges the Court to recognize that his criminal behaviors are primarily related to addiction and succumbing to a serious lack of judgment. As outlined in the Presentence Investigation Report, Larry's scored a Level 2 on the Post-Conviction Risk

Pringle & Herigstad P.C.
PO Box 1000
Minot, ND 58702
(701)852-0381

Defendant's Sentencing Memorandum

Assessment.  As research indicates, only 13% of the offenders who scored within category Level 2 will be re-arrested within the case plan period. Larry submits that a sentence of incarceration of 19 months is not greater than what is necessary and will deter him from further criminal conduct.

**Provide Defendant with needed educational, vocational training, medical care, or other correctional treatment in the most effective manner**

[¶11]   Larry longs to be able to obtain work and contribute to society.  He understands that he must make important changes regarding his drug use and cognitive structuring. He maintains that society would be better served if he was sentenced whereas he can receive treatment through the RDAP program, find a job, and financially support himself and his family.  Larry is interested in furthering his education and has aspiration of working the trade profession.

**The kinds of sentences available, range established, and any pertinent policy statement issued by the Sentencing Commission**

[¶12]    Larry believes his requested sentence is best suited for him in order to rehabilitate himself.  There are no current policy statements issued by the Sentencing Committee which would affect her sentencing, although it should be noted that the First Step Act was passed to take steps to reform the criminal justice system and alleviate overly punitive prison sentences to help thwart mass incarceration.

**The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.**

Page 5 of 7

Defendant's Sentencing Memorandum

[¶13]   Pursuant to the 2016 Sourcebook of Federal Sentencing Statistics, 44.6 percent of cases are sentenced within the guideline range, and 49 percent of cases in are sentenced below the guideline range. *See* Table N, https://www.ussc.gov.  In the 8th Circuit, 44.2 percent of cases are within the guideline range, while 52.6 percent are below the guideline range. *See* Table N-8, https://www.ussc.gov.

[¶14]   Regarding any concern the Court may have regarding unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, Larry opines his limited criminal record as well as instant criminal conduct make his requested sentence appropriate.

**The need to provide restitution to any victims of the offense.**

[¶15]   There is no amount of restitution set forth in the Presentence Investigation Report.

CONCLUSION

[¶16]   Larry is remorseful.  He is ready and eager to contribute to society and get his life back on track.  The longer he is incarcerated, the longer society is deprived of the utility he can provide.  The Defendant requests the Court take into consideration the Defendant's requested sentence of 19 months, credit for time served, with supervised release of 3 years.

Submitted this 25th day of August, 2020.

PRINGLE & HERIGSTAD, P.C.

By */s/ Ashley Flagstad*
Ashley A. Flagstad (ID #07503)
aflagstad@pringlend.com
P.O. Box 1000
Minot, ND 58702-1000, (701) 852-0381
Attorney for Defendant

Pringle & Herigstad P.C.
PO Box 1000
Minot, ND 58702
(701)852-0381

Defendant's Sentencing Memorandum

## Certificate of Service

I hereby certify that on the 25th day of August, 2020, the following document:

**Defendant's Sentencing Memorandum**

was filed electronically with the Clerk of Court through ECF, and that ECF will send a Notice of Electronic Filing (NEF) to the following:

Jeremy Ensrud                    (jeremy.ensrud@usdoj.gov)

I further certify that copy of the foregoing documents will be mailed by first class mail, postage paid, to the following non-ECF participants:

*N/A*

Dated this 25th day of August, 2020.

*/s/ Ashley Flagstad*
Ashley A. Flagstad (ID #07503)
aflagstad@pringlend.com
P.O. Box 1000
Minot, ND 58702-1000
(701) 852-0381
Attorney for Defendant

Pringle & Herigstad P.C.
PO Box 1000
Minot, ND 58702
(701)852-0381